**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KENKELL FRANCIS, | Civil No. 07-5048 (RBK) |
| Plaintiff, |  |
| v. | **OPINION** |
| PETER J. BARNES, JR., et al., |  |
| Defendants. |  |

**APPEARANCES:**

    KENKELL FRANCIS, #535003/ 289380
    Plaintiff Pro Se
    Southern State Correctional Facility
    Delmont, New Jersey 08314

**Robert B. Kugler, District Judge**

    Plaintiff KENKELL FRANCIS (hereinafter "Plaintiff"), currently confined at Southern State Correctional Facility, Delmont, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint (hereinafter "Complaint").

    Plaintiff's Complaint alleges that Plaintiff, while being given his actual parole release date (hereinafter "Parole Date"),

was not released on parole on the Parole Date but remained in confinement past the Parole Date because (a) Plaintiff's original release address was rejected by the parole board, and (b) the process of approval of Plaintiff's alternative release address is being protracted past Plaintiff's release date.  See Docket Entry No. 1, at 6, 8-10.  Plaintiff seeks immediate release and compensatory damages for the period of time Plaintiff remained in confinement past his Parole Date.  See id. at 11.

## DISCUSSION

**A.   Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  However, in

determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.  Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

**DISCUSSION**

**A.    The Court's Jurisdiction**

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over

3

"Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003)

(quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)). If so, the Court then determines whether the defendant can be held liable for that violation. See Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

**B.   Plaintiff's Allegations Fail to State a Claim**

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in

5

a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).

While a prisoner has the right to be released from his sentence, and detention beyond the termination of the sentence may be in violation of the Eighth Amendment, see Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989), a civil rights claim for confinement past the proper release date is premature under Heck unless the prisoner secures a habeas relief or a favorable determination from the state courts since the prisoner effectively challenges the validity of his confinement through the means of damages suit. See Johnson v. Pacholski, 2007 U.S. Dist. LEXIS 43850 (D.N.J. June 14, 2007), Romano v. Taylor, 2006 U.S. Dist. LEXIS 76480 (D. Del. Oct. 20, 2006), Mosch v. Brown, 2006 U.S. Dist. LEXIS 72079 (D.N.J. Sept. 20, 2006), Rouse v. Pauliilo & Silva, 2006 U.S. Dist. LEXIS 2738 (D.N.J. Jan. 24, 2006).

Consequently, at the instant juncture, Plaintiff's claims are premature and will be dismissed without prejudice.

## CONCLUSION

For the reasons stated above, the Complaint will be dismissed without prejudice, since plaintiff's claims have not yet accrued. An appropriate order accompanies this Opinion.

S/Robert B. Kugler
**ROBERT B. KUGLER**
**United States District Judge**

Dated: October 26, 2007